NO. 07-08-0475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 26, 2010

———————————————————

JOSEPH G. NUNEZ,

                                                                    Appellant

v.

THE STATE OF TEXAS,

                                                                    Appellee

———————————————————

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,790; HONORABLE JIM BOB DARNELL, PRESIDING

———————————————————

*Memorandum Opinion*

———————————————————

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

Joseph G. Nunez was sentenced to life imprisonment after being convicted of capital murder.  In seven issues, he challenges 1) the trial court's denial of his motion to suppress his statement, 2) the legal and factual sufficiency of the evidence, and 3) the cruel and unusual nature of his punishment.  We reverse the judgment.

*Background*

On October 22, 2006, Richard Ramirez and appellant, his sixteen-year-old nephew,[1] and appellant's friend Christopher Crittendon went to the Boom Boom Cabaret in Lubbock. They spent some time there and decided to rob it. As Gilbert Victor, general manager of the club, and Anthony Lopez, a bouncer, locked up and left the club, appellant and Crittendon approached them with guns and forced them to lie on their stomachs on the ground. Kim Suddeth, a dancer at the club who was being given a ride home by Lopez, was already seated in his vehicle. She observed the actions of the youths and called 911 on her cell phone. While doing so, Ramirez appeared at the window of the vehicle and threatened to shoot her if she did not hang up the phone and get out of the vehicle. She did so and Ramirez threw her to the ground. Ramirez then walked over and shot both Gilbert and Lopez. He walked back to Suddeth and shot her three times. After doing so, Ramirez returned to Gilbert and Lopez and shot each of them again and then shot Suddeth one more time. The robbers left with two briefcases which contained money and other items. Both Gilbert and Lopez died at the scene, but Suddeth survived.

*Issues 1-3 – Suppression of Appellant's Statement*

Appellant argues that his confession should have been suppressed because it was involuntary and he had previously invoked his Fifth Amendment right to counsel when questioned about another robbery.[2] Though the State disputes that the statement

---

[1]Appellant was certified to stand trial as an adult.

[2]The alleged Fifth Amendment violation is based on his prior utterance to law enforcement personnel investigating another robbery that he wished to "talk with an attorney before giving a statement." This utterance occurred two days prior to the date he gave the statement here at issue.

was involuntary, it concedes that appellant's Fifth Amendment right to counsel was violated. To avoid reversal, however, it attempts to argue that the complaint was not preserved for review and that the law should be changed. Regarding the latter argument, we are bound to follow the interpretation given the Fifth Amendment by the United States Supreme Court and Court of Criminal Appeals. *Ex parte Graves,* 271 S.W.3d 801, 806 (Tex. App.–Waco 2008, pet. ref'd), *cert. denied,* __ U.S. __, 130 S.Ct. 261, 175 L.Ed.2d 176 (2009). Should one care to have the Amendment reinterpreted, he must seek that from those courts.

Regarding the issue of preservation, appellant averred in his motion to suppress that his confession was obtained in violation of multiple constitutional rights including the Fifth Amendment. When requesting a hearing on that motion, he mentioned both the Fifth and Sixth Amendments. Furthermore, his brief, filed in support of the motion, contained the following passages: 1) "any statement given as the result of custodial interrogation of a juvenile conducted outside the presence of an attorney already representing that juvenile on another matter is involuntary under art. I, sec. 10 of the Texas Constitution and the Fifth and Sixth Amendments of the United States Constitution . . ." and 2) "[a]s Defendant was a juvenile and was already represented by counsel on the matter for which Defendant was in custody, his statement was involuntary when law enforcement did not first contact Defendant's attorney prior to questioning him about the instant cause." These circumstances, when considered together, were ample to apprize a reasonable jurist in the same situation that appellant claimed the State violated his Fifth Amendment right to counsel by subjecting him to

Allegedly, Deputy Stephens did not know that appellant had made the utterance when he initially met with appellant.

3

interrogation outside the presence of legal counsel. Consequently, appellant perfected the issue for review. *See Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (stating that an issue has been preserved when a party lets the trial judge know what he wants and why he thinks he is entitled to it clearly enough for the judge to understand him at a time when the judge is in a proper position to do something about it).

The State having conceded error, we next determine whether the mistake was harmless. Since the error was of constitutional magnitude, it can be disregarded only if we conclude, beyond reasonable doubt, that it did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a). While it is true that evidence other than appellant's statement illustrates his complicity in the crime, one cannot discount the impact of a detailed confession like that at bar. Hearing the accused clearly inculpate himself, purportedly in a voluntarily manner, can hardly be ignored by a rational jury. *McCarthy v. State,* 65 S.W.3d 47, 56 (Tex. Crim. App. 2001) (noting the impact that a confession has on the outcome). Given this, we cannot say beyond reasonable doubt that appellant's statement did not contribute to his conviction or sentence.

The trial court erred in refusing to suppress the confession, and the error was harmful. Thus, the judgment is reversed and the cause remanded for further proceedings.[3] *See id.* at 56.

Per Curiam

Do not publish.

---

[3]Our disposition of this issue precludes the necessity for us to discuss appellant's remaining issues.